AO 451  (Rev. 12/12)   Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

| | | |
|---|---|---|
| Matthew E. Orso | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:14-cv-00091-GCM |
| Todd Disner et al | ) | |
| *Defendant* | ) | |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

    I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*   08/14/2017

    I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date:      10/28/2020

                                   CLERK OF COURT

                                   *Frank S. Johns*

                                  *Signature of Clerk or Deputy Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MATTHEW E. ORSO, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com,<br><br>            Plaintiff,<br><br>vs.<br><br>TODD DISNER, in his individual capacity and in his capacity as trustee for Kestrel Spendthrift Trust; TRUDY GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; DARREN MILLER; RHONDA GATES; DAVID SORRELLS; INNOVATION MARKETING, LLC; AARON ANDREWS; SHARA ANDREWS; GLOBAL INTERNET FORMULA, INC.; T. LEMONT SILVER; KAREN SILVER; MICHAEL VAN LEEUWEN; DURANT BROCKETT; DAVID KETTNER; MARY KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC; LORI JEAN WEBER; and a Defendant Class of Net Winners in ZEEKREWARDS.COM;<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 3:14-cv-91<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ASSIGNMENT OF JUDGMENT

This ASSIGNMENT OF JUDGMENT (this "Assignment") is made as of the 16th day of December, 2019, by Matthew E. Orso, solely in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com, ("Assignor") to Nationwide Judgment Recovery, Inc. (as the designee of Big Sky Research Bureau, Inc., the "Assignee") pursuant to, and in furtherance of, the arrangements provided for and in that certain Purchase Agreement by and between Assignor and Assignee, dated as of May 30, 2019, as amended (collectively, the "Agreement").

NOW THEREFORE, based on the foregoing and for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor hereby sells, transfers and assigns to Assignee, in respect of the above captioned proceedings, all rights and interests of Assignor in and to those certain Judgments entered in the above referenced action at docket number 179, including each of the individual judgments referenced on docket number 179-2, without recourse, representation or warranty, except as provided for in the Agreement.

THE SALES, TRANSFERS AND ASSIGNMENTS PROVIDED FOR HEREIN ARE EXPRESSLY SUBJECT, IN ALL RESPECTS, TO THE TERMS AND PROVISIONS OF THE AGREEMENT, WHICH ARE INCORPORATED HEREIN BY THIS REFERENCE.

This Assignment shall be governed by, and construed in accordance with, the laws of the State of North Carolina.

IN WITNESS WHEREOF, Assignor has executed this Assignment effective as of December 16, 2019.

Assignor:

Matthew E. Orso, not individually, but solely in his capacity as court-appointed Receiver for Rex Venture Group, LLC dba ZeekRewards.com and its Estate

STATE OF North Carolina

COUNTY OF Mecklenburg

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document:

Matthew E. Orso.
(name(s) of principal(s))

Date: December 16, 2019

Notary Public
Print Name: Joan C. Bartley

My commission expires: April 28, 2022

Joan C. Bartley
Notary Public
Mecklenburg County, NC
My Commission Expires Apr. 28, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| KENNETH D. BELL, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com, | ) ) ) | Certified to be a true and correct copy of the original. U.S. District Court Frank G. Johns, Clerk Western District of N.C. By _____ Deputy Clerk Date 11/10/2020 |
|        Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| TODD DISNER, in his individual capacity and in his capacity as trustee for Kestrel Spendthrift Trust; TRUDY GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; DARREN MILLER;  RHONDA GATES; DAVID SORRELLS; INNOVATION MARKETING, LLC; AARON ANDREWS; SHARA ANDREWS; GLOBAL INTERNET FORMULA, INC.; T. LEMONT SILVER; KAREN SILVER; MICHAEL VAN LEEUWEN; DURANT BROCKETT; DAVID KETTNER; MARY KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC; LORI JEAN WEBER; and a Defendant Class of Net Winners in ZEEKREWARDS.COM; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:14-cv-91 |
|        Defendants. | ) ) | |

## FINAL JUDGMENT

In accordance with the Court's Order Granting Entry of Final Judgment Against Certain Net Winner Class Members, Final Judgment is hereby entered against each of the class members listed on the following single page attachments in the amounts listed therein, which are comprised of net winnings from the ZeekRewards scheme and prejudgment interest, calculated at the North Carolina statutory rate of 8% per annum from August 17, 2012, which is on or after the date of the last fraudulent transfer payment on which liability is based, to November 29, 2016, the date of the Summary Judgment Order in this action.  See N.C. Gen. Stat. § 24-4, 5 (2001); Doc. #142.  An

index of the individual class members and the amount of the Judgments against them is also attached.

Post-judgment interest shall accrue on the entire Final Judgment, including the award of prejudgment interest, at the rate specified under 28 U.S.C. § 1961 from the date of entry of this Judgment until paid in full.

The Court confirms each amount listed in the attachments is the Final Judgment of the Court against each respective Defendant and hereby authorizes the Receiver to pursue appropriate collection proceedings.

SO ORDERED.

Signed: August 14, 2017

Graham C. Mullen
United States District Judge

2

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>REX VENTURE GROUP, LLC d/b/a ZEEKREWARDS.COM, and PAUL BURKS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action
No. 3:12-CV-519

## AMENDED RECEIVERSHIP ORDER
## APPOINTING SUCCESSOR RECEIVER

**WHEREAS** Plaintiff Securities and Exchange Commission ("the SEC" or "the

Commission") filed the Complaint in this matter, asked the Court to freeze the assets of

Defendant Rex Venture Group, LLC d/b/a ZeekRewards.com, any of its subsidiaries, whether

incorporated or unincorporated, and any businesses or business names under which it did

business (the "Receivership Defendant"), and sought the appointment of a temporary receiver in

this action for and over the estate of the Receivership Defendant and all entities it controlled or in

which it had an ownership interest, including but not limited to all subsidiaries, partnerships and

related or affiliated unincorporated entities, business lines or businesses operated via internet

websites, for the purposes of marshaling and preserving all assets of the Receivership Defendant

("Receivership Assets"):  (a) held or possessed by Receivership Defendant; (b) held in

constructive trust for the Receivership Defendant; and (c) fraudulently transferred by the

Receivership Defendant, as stated in the Agreed Order Appointing Temporary Receiver and Freezing Assets of Defendant Rex Venture Group, LLC, dated August 17, 2012 (Docket No. 4, ¶¶1-3, the "Receivership Order"); and

WHEREAS the Court appointed as the receiver Kenneth Bell, Esq. ("Mr. Bell" or "the Receiver"); and

WHEREAS this matter comes before this Court upon the Receiver's motion to appoint a successor receiver in the above-captioned action;

WHEREAS the Court finds that, based on the record in these proceedings, including submissions by the Receiver and the Commission, the appointment of a temporary successor receiver in this action over the Receivership Defendant is necessary and appropriate for the purposes of continuing to marshal and preserve all assets of the Receivership Defendant ("Receivership Assets") and those assets: (a) held or possessed by Receivership Defendant; (b) held in constructive trust for the Receivership Defendant; and (c) fraudulently transferred by the Receivership Defendant; and

WHEREAS this Court has subject matter jurisdiction over this action and personal jurisdiction over the Receivership Defendant, and venue properly lies in this District.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      Pending further Order of this Court, Matthew E. Orso is hereby appointed to serve without bond as temporary successor receiver in this action (hereinafter, the "Successor Receiver"), effective upon the date of and in the event of, the confirmation of Kenneth D. Bell as a United States District Judge, for and over the Receivership Defendant, as previously defined in the Receivership Order, which is incorporated herein by reference, and including without

limitation all Receivership Assets, outstanding judgments, claims, and potential recoveries by the Receivership Estate.

2.    Except as expressly stated herein, the terms and provisions of the Receivership Order shall remain in effect.

### Scope of Receivership

3.    The Receiver, in consultation with counsel for the Commission, has identified outstanding litigation matters and tasks required in the ordinary course of the administration and operation of the Receivership through final distribution and termination of the Receivership.

4.    The Successor Receiver, in consultation with counsel for the Commission, will work to resolve or, if necessary, litigate the matters listed below:

- Net Winner Class - Fourth Circuit Appeal of class certification;
- Resolve outstanding Net Winner judgments;
  - Summary judgment re: U.S. Net Winners disputing amounts owed;
  - Special Master proceedings re: U.S. Net Winners disputing amounts owed;
  - Foreign Net Winner Recovery; and
- VictoriaBank/Payza litigation.

The Successor Receiver will consult with counsel for the Commission and obtain Court authorization before initiating any other litigation, entering into any settlement, or otherwise resolving or compromising any outstanding judgment, claim, or potential recovery.

### Retained Personnel

5.    The Receiver retained, and the Successor Receiver is authorized to continue to retain, the following persons and entities ("Retained Personnel") to assist in carrying out the duties and responsibilities described in the Receivership Order and this Amended Receivership

Order:

- Kroll:
  - Data hosting;
- FTI:
  - Litigation support;
  - Distribution reserve analysis;
  - Distribution check reissuance; and
  - Support distribution of checks and wires for final distribution;
- Wells Fargo:
  - Issue checks and wires for final distribution.

The Successor Receiver shall consult with counsel for the Commission and obtain Court approval before retaining any other person or entity to assist in carrying out the duties and responsibilities described in the Receivership Order and this Amended Receivership Order.

## Preparation of Budgets

6.     The Receiver, in consultation with counsel for the Commission, has prepared a detailed budget for the outstanding litigation matters described hereinabove and tasks required in the ordinary course of the administration and operation of the Receivership through final distribution and termination of the Receivership.  The Successor Receiver shall update this budget on a regular basis to reflect current expenditures and any substantive developments as each remaining matter or task progresses.

## Limitations on Fees and Expenses

7.     Absent consultation with counsel for the Commission and authorization of the Court, the Successor Receiver shall not incur, expend, or seek payment outside the scope identified hereinabove, and shall not incur, expend, or seek payment for more than:  (1) a total of

$350,000 in fees and expenses of the Successor Receiver and the Successor Receiver's counsel; and (2) an additional $350,000 in fees and expenses incurred for Retained Personnel to undertake the tasks identified hereinabove, through final distribution and termination of the Receivership.

## Fee Applications

8.  As per the Receivership Order:

- The Successor Receiver, the Successor Receiver's counsel, and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estate subject to the requirements described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions"), as expressly agreed to by the Receiver and Successor Receiver. All such compensation shall require prior approval of the Court;

- All Quarterly Fee Applications are interim and will be subject to cost benefit and final review at the close of the Receivership. At the close of the Receivership, the Successor Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver and the Successor Receiver during the course of the Receivership;

- Quarterly Fee Applications will be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the Receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the Receivership;

- The Successor Receiver shall expressly consult with counsel for the Commission and obtain Court approval before applying any proposed rate increase in any Quarterly Fee Application, whether for the Successor Receiver, the Successor Receiver's counsel, or Retained Personnel, and any proposed rate increase shall be expressly disclosed to the Court and shall be subject to Court approval;

- Each Quarterly Fee Application shall:

  o Comply with the terms of the Billing Instructions agreed to by the Receiver and the Successor Receiver; and

  o Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Successor Receiver has not entered into any agreement, written or oral, express or implied, with any

person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof; and

- At the close of the Receivership, the Successor Receiver shall submit a Final Accounting, in a format to be provided by the Commission's staff, as well as the Successor Receiver's final application for compensation and expense reimbursement.

### Final Liquidation and Distribution Plan

9.     The Successor Receiver is authorized, empowered and directed to develop, in consultation with counsel for the Commission, an updated plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property and a final distribution to injured investors (the "Final Liquidation and Distribution Plan").

10.     Within one hundred eighty (180) days of the entry date of the Fourth Circuit's order on the Net Winner class certification appeal, the Successor Receiver shall file a preliminary Final Liquidation and Distribution Plan, including a recommendation of further steps to effect the orderly resolution of this matter, the efficient recovery, management and liquidation of remaining Receivership property, and a final distribution to injured investors.

11.     Within two hundred seventy (270) days of the entry date of the Fourth Circuit's order on the Net Winner class certification appeal, the Successor Receiver shall file the Final Liquidation and Distribution Plan in the above-captioned action, unless this Receivership is terminated sooner upon order of this Court.

**IT IS SO ORDERED.**

Signed: May 20, 2019

Graham C. Mullen
United States District Judge